IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSALIE L. ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 14-cv-440-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 29).** Defendant filed a response in opposition at Doc. 31 and plaintiff filed a reply at Doc. 33.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. *See*, **Shalala v. Schaefer, 509 U.S. 292, 302 (1993).**

1

In her response to the motion, the Commissioner argues the Court should not award fees because the government's position was substantially justified and plaintiff's fees sought are unreasonable.

1. Substantially Justified

The EAJA does not define the term "substantially justified," and the Seventh Circuit has recognized that its meaning in this context is not "self-evident." **U.S. v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 381 (7th Cir. 2010).** However, in view of the purpose of the Act, substantially justified means something more than "not frivolous;" the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." **Id., at 381-382.**

The government's position is substantially justified where it had a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." **Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004)(internal citations omitted).** The Commissioner bears the burden of demonstrating that her position was substantially justified, and the Court must make a determination based on an assessment of both the government's pre-litigation and litigation conduct, including the decision of the ALJ. **Ibid.**

The evidence in the administrative record and the specifics of the ALJ's decision are discussed in detail in the Memorandum and Order remanding the case, Doc. 27.

Plaintiff argued that the ALJ failed to include all of plaintiff's mental

limitations in the hypothetical question posed to the vocational expert, the ALJ incorrectly weighed the opinion of plaintiff's treating physician, the assessment of plaintiff's credibility was erroneous, and the ALJ ignored evidence that supported plaintiff's claim. This Court found merit in plaintiff's first point and deferred ruling on the other three points.

This Court concluded that the ALJ failed to build "an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC," and that such failure requires remand. **Yurt v. Colvin, 758 F.3d 850, 858-59 (7th Cir. 2014).** This Court noted that both plaintiff and the Commissioner's briefs were inadequate as neither cited the most relevant binding precedent, **O'Connor-Spinner v. Astrue**, within their briefs. **627 F.3d 614 (7th Cir. 2010).** The ALJ asked a series of hypothetical questions to the vocational expert and failed to address plaintiff's limitations in concentration, persistence, or pace. The Commissioner argued that the ALJ did not need to address the finding that plaintiff had a deficiency in concentration, persistence, or pace and in doing so cited a Third Circuit opinion, and two non-binding opinions from district courts.

The Commissioner characterizes the ALJ's errors "errors of articulation" and argues they do not necessitate a finding that the government's position was not substantially justified, Doc.32, p. 4. The Commissioner cites S**tein v. Sullivan, 966 F.2d 317, 319-320 (7th Cir. 1992)**, in support of this argument. However, **Stein** did not establish a *per se* rule that attorney's fees will not be awarded

whenever the error was a failure to meet the articulation requirement. **See, Conrad v. Barnhart, 434 F.3d 987, 991 (7th Cir. 2006).**

The Commissioner's argument that she was reasonable for not citing *O'Connor-Spinner* because other district courts found an ALJ's hypothetical sufficient and the case at hand is distinguishable is not well taken. The Court here found the binding precedent of *O'Connor-Spinner* applicable and recognized that the Commissioner's arguments were unavailing and deficient. It is now difficult to accept her argument that her position was substantially justified when she failed to justify it in her merits brief. The Court finds that the Commissioner's position was not substantially justified, and therefore finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

2. Unreasonable Fees

The Commissioner argues that the number of hours plaintiff's counsel claims is unreasonable.

Plaintiff contends the number of hours his counsel expended on the case, approximately 67.1, is reasonable and the court has the discretion to award fees for those hours. There is no *per se* rule for capping hours, instead the Court must analyze if the hours are "reasonably expended." It is an attorney's responsibility to use "billing judgment" because "hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." **Hensley v. Eckerhart, 461 U.S. 424, 433–434 (1983).** To determine if hours are reasonably expended, factors like novelty and difficulty of the questions, the

skill required to perform the legal service, and the customary fee are taken into consideration. *Id*. at 434.

The Commissioner argues that plaintiff's case was "relatively routine" and the issues raised in plaintiff's brief on the merits were neither new nor novel. Further, she argues that plaintiff's brief "primarily cited well-established case authority for legal propositions that were neither unusual nor particularly complex." Doc. 33, p. 7. The Commissioner contends that with plaintiff's counsel's experience, 26.8 hours drafting plaintiff's initial motion and memorandum, 8.1 hours spent drafting the EAJA petition, and the 1.8 hours drafting the two paragraph EAJA settlement letter were excessive.

The Commissioner is correct that plaintiff's counsel routinely raises the issues he raised in this case in other Social Security cases. However, this does not support the idea that plaintiff's counsel put little or no work effort into this case. Further, classifying a case as "typical" does not mean plaintiff is not entitled to fair compensation for the time her attorney spent advocating on her behalf.

However, 67.1 hours is on the "high end of the range of hours that courts within this circuit have considered reasonable for social security appeals." **Schulten v. Astrue, 2010 WL 2135474, at \*6 (N.D.Ill.2010)(finding the "permissible range" to be, "generally speaking" 40 to 60 hours**). The record in the case at hand was less than 500 pages and many social security disability cases are much longer. **See, Trump, 2015 WL 970111 at \*3,4 (N.D.Ill.2015) (awarding less than 60 hours in fees in a case with a record over 1,000 pages**

5

**long, and in which claimant was granted leave to file brief in excess of 15 pages);** *Fricano v. Colvin,* **2014 WL 2068415 at \*3, 4 (N.D.Ill.2014) (awarding approximately 45 hours of work with a record of 694 pages);** *Taloff v. Astrue,* **2014 WL 868040 at \*3, 4 (N.D.Ill.2014) (awarding approximately 65 hours of work with a record of 796 pages).** Additionally, plaintiff's counsel failed to cite the most recent binding precedent on the case and he is not inexperienced in social security disability matters.

It is clear here that the number of hours requested by plaintiff is unreasonable. However, the Court notes that plaintiff's original brief was over twenty pages and the explanation he provides for the time spent on the EAJA settlement letter is reasonable. Additionally, counsel has agreed to waive the .8 hours he claims for filing the complaint and drafting summonses. The Commissioner does not state how many hours she feels is reasonable for the petitioner to claim. Accordingly, the number of hours allowed shall be reduced to 60, as it is within the norm (albeit at the high end) and counsel failed to address relevant case law within his brief.

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**Doc. 29**) is **GRANTED.**

The Court awards attorney's fees in the total amount of $11,221.44 (eleven thousand two hundred and twenty-one dollars and forty-four cents). This includes costs of the amount of $400.00 (four hundred dollars).

The amount awarded is payable to plaintiff and is subject to set-off for any

debt owed by plaintiff to the United States, per ***Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).** However, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATE:  November 3, 2016.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
